UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DADIRI MAHAMUDI HASSANI,<br><br>Defendant. | Case No. 4:24-cr-00109-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it the Government's unopposed Motion to Hold Motion to Dismiss in Abeyance and to Release Defendant to Illinois Parole Commission (Dkt. 23). The Court hereby GRANTS the motion, in part, and finds as follows:

(1) On June 12, 2024, Defendant Dadiri Mahamudi Hassani filed a motion to dismiss the indictment. *See* Dkt. 18. Thereafter, the government filed the pending motion. The motion to dismiss cites and relies upon the Ninth Circuit's May 9, 2024 decision in *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). Within a few days after *Duarte* was handed down, the government petitioned the Ninth Circuit to rehear *Duarte* en banc. The Ninth Circuit granted that petition and vacated the panel opinion. *See United States v. Duarte*, No. 22-50048, 2024 WL 3443151 (9th Cir. July 17, 2024).

ORDER - 1

(2) Given this record, the most logical path forward is to hold Mr. Hassani's motion to dismiss in abeyance until the Ninth Circuit decides *Duarte*. Oral argument is scheduled before the en banc court in September, and the opinion should be issued in the months after oral argument. Accordingly, the Court GRANTS the government's motion, in part, to the extent that it will hold Mr. Hassani's motion to dismiss in abeyance.

(3) Under these circumstances, the interests of justice outweigh Mr. Hassani's and the public's interest in a speedy trial under 18 U.S.C. § 3161(h)(7)(A). The Court further finds that this period of time is excludable in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i).

(4) The pending motion to hold the motion to dismiss in abeyance also provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D) and (H).

(5) Once the stay expires by the Ninth Circuit's resolution of the en banc case, the Court intends to set a hearing, at which time it will consider the government's motion to dismiss. Until then, Mr. Hassani's underlying motion to dismiss is not "under advisement" within the meaning of 18 U.S.C. § 3161(h)(1)(H).

(6) The parties are directed to notify the Court when the Ninth Circuit

ORDER - 2

resolves *Duarte* en banc. The Court will then set a hearing date and supplemental briefing schedule related to the pending motion to dismiss.

(7) In light of the above, the September 9, 2024 trial setting is **VACATED** and the Motion to Hold the Motion to Dismiss in Abeyance and to Release the Defendant to the Illinois Parole Commission (Dkt. 23) is **GRANTED in part** to the extent that the Court will hold the motion to dismiss in abeyance. The Court will set a new trial date, if necessary, after the stay expires and after having resolved the motion to dismiss.

(8) The parties have also agreed that Mr. Hassani should be released, subject to a warrant issued by the Illinois Department of Corrections, until otherwise ordered by this Court. The Court will not resolve this aspect of the motion. Instead, U.S. Magistrate Judge Patricco, who entered the detention order in this case, may resolve this aspect of the motion as he deems appropriate. If Judge Patricco determines that Mr. Hassani should not be released, either party may ask the Court to reconsider its decision to hold the motion to dismiss in abeyance.

**IT IS SO ORDERED.**

DATED: August 20, 2024

B. Lynn Winmill
United States District Judge